IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


JUANITO CERALDE,

                Plaintiff(s),                        NO.  C - 18 - 2281  MMC

     vs.

                                          **PRETRIAL PREPARATION ORDER**

PASHA HAWAIIAN HOLDINGS, et al.,

                Defendant(s).

_____/

      It is hereby **ORDERED** pursuant to Federal Rules of Civil Procedure and the Local Rules of this Court:

JURY TRIAL DATE:  Monday,  June 24, 2019  at 9:00 a.m., Courtroom 7, 19th floor.

TRIAL LENGTH is estimated to be   7    days.

DISCOVERY PLAN:  Per Federal Rules of Civil Procedure and Local Rules, subject to any
      provisions below.

NON-EXPERT DISCOVERY CUTOFF :  January 7, 2019  .

DESIGNATION OF EXPERTS:

      Plaintiff/Defendant:  No later than   February 4, 2019  .
      Plaintiff/Defendant: Rebuttal no later than  February 15, 2019 .

      Parties shall conform to Federal Rule of Civil Procedure 26(a)(2).


EXPERT DISCOVERY CUTOFF :  March 8, 2019    .

DISCOVERY MATTERS are referred to a Magistrate Judge and are to be noticed for hearing before the assigned Magistrate Judge.

DEADLINE TO AMEND PLEADINGS: October 31, 2018.

DISPOSITIVE MOTIONS shall be filed no later than  March 22, 2019 , and shall be noticed for hearing 35 days thereafter.

PRETRIAL CONFERENCE DATE:  June 11, 2019       at **10:00 a.m.**

> **COUNSEL WHO INTEND TO TRY THE CASE MUST ATTEND THE PRETRIAL CONFERENCE.**  Counsel shall be prepared to discuss all aspects of the case, including settlement.  Pretrial shall conform to the attached instructions.

MEET AND CONFER (Civil L.R. 16-10(b)(5):  Lead trial counsel shall meet and confer no later than May 6, 2019  .

FURTHER STATUS CONFERENCE:  Friday,   March 8, 2019   at 10:30 a.m.

FURTHER STATUS CONFERENCE STATEMENT DUE: Friday,   March 1, 2019   .

ADDITIONAL ORDERS:

> Case referred to Private Mediation by agreement of the parties.

> See attached Pretrial Instructions.

PLAINTIFF IS ORDERED TO SERVE A COPY OF THIS ORDER ON ANY PARTY SUBSEQUENTLY JOINED IN THIS ACTION.

DATED:   August 20, 2018 

_____
MAXINE M. CHESNEY
United States District Judge

(Revised 9/2015)

# PRETRIAL INSTRUCTIONS

In advance of complying with the following pretrial requirements, for the purpose of preparing for the Pretrial Conference and to discuss settlement, counsel SHALL meet and confer in good faith and no later than the meet and confer deadline set forth in the attached order.

**A.     PRETRIAL STATEMENT**: No later than **ten court days** before the scheduled Pretrial Conference, the parties shall file a joint Pretrial Statement which shall set forth:

1. The substance of the action;

2. The relief claimed, including the particular elements of the damages claimed;

3. The factual issues remaining, as well as any stipulations of fact;

4.  The legal issues, including a concise statement of each disputed point of law concerning liability or relief and citing supporting statutory and case law;

5.  A current estimate as to the length of the trial;

6.  The status of the case with respect to alternative dispute resolution.

7.  A list of witnesses likely to be called at trial. Expert witnesses shall be listed separately. Witnesses not included on the list may be excluded from testifying.

**B.     JURY INSTRUCTIONS**:

1.     <u>Joint Set of Agreed Upon Instructions</u>:  The parties shall jointly prepare a set of <u>agreed upon</u> jury instructions, which shall be filed **ten court days** prior to the Pretrial Conference.

2.     <u>Separate Instructions</u>:  Separate instructions may be submitted only as to those instructions upon which the parties cannot agree.  Each separate instruction shall note on its face the identity of the party submitting such instruction. Separate instructions shall be filed **ten court days** prior to the Pretrial Conference.

No later than **ten court days** prior to the Pretrial Conference, the party or parties objecting to an instruction shall file a written objection to such instruction.  The form of the objection shall be as follows:

(a) Set forth in full the instruction to which the objection is made;

(b)  Provide concise argument and citations to authority explaining why the opposing party's instruction is improper; and

(c) Set forth in full an alternative instruction, if any.

3.     Substance and Format of Instructions:  The instructions shall cover all substantive issues.  Proposed instructions shall be consecutively numbered.  Each proposed instruction shall be typed in full on a separate page and cover only one subject, to be indicated in the title. Citations to the authorities upon which the instruction is based shall be included.  Instructions shall be brief, clear, written in plain English and free of argument.  Pattern or form instructions shall be revised to address the particular facts and issues of the case.

**C.     VOIR DIRE AND VERDICT FORMS**: No later than **ten court days** prior to the  Pretrial Conference each party shall serve and file proposed questions for jury voir dire and a proposed form of verdict.

**D.     FINDINGS OF FACT and CONCLUSIONS OF LAW**:  In non-jury cases, no later than **ten court days** prior to the Pretrial Conference, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues.  Proposed findings shall be brief, and free of pejorative language and argument.  Whenever possible, parties shall deliver to the Courtroom Deputy copies of proposed findings of fact and conclusions of law on a CD in WordPerfect format.  The disk label shall include the name of the parties, the case number and a description of the documents.

**E.     EXHIBITS**:

1.     Copies of Exhibits for Other Parties: No later than **ten court days** prior to the Pretrial Conference, each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list **(see attached form)** of all such proposed exhibits.  Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries.  Each item shall be pre-marked with an exhibit sticker **(see attached form)**, plaintiff's exhibits with numbers, defendant's exhibits with letters or with numbers sequenced to begin after plaintiff's exhibit numbers.  If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators.  All exhibits which have not been provided as required are subject to exclusion.

2.     Stipulations Re: Admissibility:  Prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at the Pretrial Conference.  If stipulation to admission in evidence is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

3.     Copies of Exhibits for the Court:  Two sets of exhibits shall be provided to the Court on the **first day of trial**.  Each set shall be in binders, tabbed and indexed.

4.     Disposition of Exhibits after Trial:  Upon the conclusion of the trial, each party

shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

**F.    WITNESSES**:

1.    Jury Trials:  The Pretrial Conference Statement shall include a list of witnesses likely to be called at trial, other than solely for impeachment or rebuttal. Expert witnesses shall be listed separately. Witnesses not included on the list may be excluded from testifying.

2.    Non-Jury Trials:  In non-jury cases, each party shall serve and lodge with the Court a written narrative statement of the proposed direct testimony of each witness under that party's control. Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

**G.    MOTIONS IN LIMINE**:  Motions in limine are limited to motions to exclude specific items of evidence (i.e., specific testimony or exhibits) on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial.

1. Motions in limine shall be filed and served no later than **ten court days** prior to the date set for the Pretrial Conference.  Any party opposing such a motion in limine shall file and serve its opposition papers no later than **five court days** prior to the Pretrial Conference.  No reply papers will be considered.

2. Each motion in limine and each opposition thereto, shall be individually numbered and filed as a separate document.

**H.    LIST OF EXHIBITS WITH STIPULATIONS AND OBJECTIONS**: No later than **one court day** prior to the Pretrial Conference the parties shall file with the Court a list of all exhibits admitted by stipulation; and a list of all exhibits as to which objections have been made, with a brief notation indicating which party objects and for what reason.

**I.    OTHER PRETRIAL MATTERS**

1.    Settlement Conferences - Any party utilizing another form of Alternative Dispute Resolution who wishes to arrange a settlement conference before a judge or magistrate judge thereafter may do so by contacting the Courtroom Deputy.

2.    Daily Transcripts - If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least **one week** before trial commences.


Attachments

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. **C-** _____ **MMC**         DATE: _____

_____     vs     _____

## EXHIBIT LIST

(   ) Plaintiff                        (   ) Defendant

| EXHIBIT NUMBER | Marked | Admitted | Sponsoring Witness | DESCRIPTION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | |
|---|---|
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |